Opinion of the court by
Judge Owsley.
[Absent Chief Justice Bibb.]
In March, 1825, a contract was made between Roberts and Monks, wherein it was agreed that the latter would purchase of the former, all his last year’s crop of hemp at the price of six dollars in Commonwealth’s paper per hundred, and the rise of the price in Lexington until the first of July thereafter. Under this contract, Roberts delivered to Monks sixty-eight hundred and eight pounds of hemp, and in part pay therefor, received six dollars in Commonwealth’s paper per hundred.
But, the price of hemp had, before the first of July, 1825, risen above six dollars in Commonwealth’s paper, and to recover the value of the rise above that sum, this action was brought by Roberts in the circuit court.
On the trial, after having proved the contract and delivery of the hemp, evidence was introduced, going to prove that the highest market price in spe *90 cie, for hemp in Lexington on the first of July, 1825, was five dollars and twenty-five cents; that the highest market price at the same time and place in Commonwealth’s paper, was from seven to eight dollars, and that the rate of exchange at the same time and place, was sixty-five to seventy advance on specie in Commonwealth’s paper.
Instructions of the circuit court as to the measure of damages.
Held that the contract was for the payment of commonwealth’s paper and not specie.
In the assessment of damages to pay the market price of an article in commowealth’s paper, above a minimum paid in advance, the value of the paper at which the article would sell above the minimum paid, and not the specie price of the article in market loss by the specie value of the paper advanced is the criterion.
Triplett, for plaintiff.
The court in substance, instructed the jury, that in estimating damages they were not to be governed by the value in gold and silver of the highest price of hemp in Commonwealth’s paper on the first of July, 1825, but that they should be guided by the specie price of hemp at that time.
The question for revision is as to the correctness of that decision.
It is perfectly clear from the evidence, that by the contract between the parties, the hemp was to be paid for in Commonwealth’s paper and not specie.
And if so, it is difficult to perceive how it is possible for the specie value of the hemp to have any influence upon the amount of damages to be assessed by the jury. Being entitled to the highest price in Commonwealth’s paper, Roberts, was at liberty to insist upon the payment, of the paper, and by pursuing the Act of the Legislature upon that subject, might have recovered a judgment for the full amount, to be discharged in that sort of paper. But as he has not pursued the requisitions of the act, his recovery must he in damages for the failure of Monks to perform his undertaking. The rule however, by which the Jury ought to have been governed in assessing the damages, must be to ascertain the value of the specific thing contracted for, and not as the court seems to have thought, the value of the hemp for which the Commonwealth’s Paper was to be paid.
The judgment must, therefore, be reversed with cost, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.